Mr. Bill A. Shirron, Executive Director Arkansas Teacher Retirement System #3 Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Shirron:
This is in response to your request for an opinion on three questions concerning the foreclosure of property in which the Arkansas Teacher Retirement System ("ATRS") has a secured interest. Specifically, your questions involve the use of outside counsel to effectuate the foreclosure, and the retaining of a property management firm to manage the property. You note that the ATRS recently foreclosed on an apartment complex in Fort Smith, and was the successful bidder at the foreclosure sale. Because the ATRS did not have personnel qualified to manage the complex, it retained the services of a local property management firm. Your three questions relating to these facts are as follows:
 1. Does the use of outside counsel for investment related foreclosure proceedings require Attorney General approval as provided by Ark. Code Ann. 24-16-702?
 2. Do contracts for the management of property acquired through investment foreclosures and for attorneys used in such foreclosure proceedings require Department of Finance and Administration approval as set forth in Ark. Code Ann. 19-4-1713?
 3. Is a management company that has contracted with ATRS to oversee renovation of buildings acquired through foreclosure subject to bidding regulations provided by Ark. Code 19-4-1405, the State Purchasing Law (Ark. Code Ann. 19-11-201 through 259) and the State Accounting Procedures Manual?
It is my opinion that the answer to your first question is clearly "yes". A.C.A. 25-16-702 (rather than 24-16-702 as you note) provides that:
 (a) The Attorney General shall be the attorney for all state officials, departments, institutions, and agencies. Whenever any officer or department, institution, or agency of the state needs the services of an attorney, the matter shall be certified to the Attorney General for attention.
* * *
 (b)(2) If, in the opinion of the Attorney General, it shall at any time be necessary to employ special counsel to prosecute any suit brought on behalf of the state or to defend a suit brought against any official, board, commission, or agency of the state, the Attorney General, with the approval of the Governor, may employ special counsel.
The section above is clearly applicable to the ATRS, and therefore requires approval of the Attorney General and the Governor before outside or "special" counsel is employed.
In my opinion, the answer to your second question is also "yes". Department of Finance and Administration or "DFA" approval under 19-4-1713 is required of contracts entered into by the system for the services of attorneys and property management firms. That statute is found in the "General Accounting and Budgetary Procedures Law", under a subchapter entitled "Professional and Consultant Services". The subchapter sets out the nature and requirements surrounding professional and consultant services contracts and requires at 19-4-1713(b) that:
 It shall be the duty of the Chief Fiscal Officer of the State to return as "disapproved" to the contracting state agency any contract which fails to comply with the applicable laws and regulations governing the contract and to approve any contract which does comply with the provisions contained in this subchapter.
The services you mention, those provided by attorneys and property management firms, fall under the category of "professional services". See generally, A.C.A. 19-4-1702 and Opinion Nos. 90-037 and 90-030, copies of which are enclosed. This being the case, A.C.A. 19-4-1713 is applicable and requires the approval of the Chief Fiscal Officer on these contracts. (The Director of DFA is the Chief Fiscal Officer of the state. See A.C.A. 19-1-201).
The answer to your third question is, in my opinion, generally "no". Your question, as we understand it, is whether the management firm retained by ATRS is subject to bidding regulations when it purchases commodities or services relating to the contract. You reference the bidding requirements of A.C.A. 19-4-1405, and those contained in the State Purchasing Law, 19-11-201 — 259. It is my opinion that the latter does not generally operate to require the contracting entity under a professional services contract to engage in competitive bidding. This conclusion assumes, however, that the purchases are actually made by the management firm, and are not purchases made in fact by a "state agency". This determination will be a factual one.
The State Purchasing Law is applicable to every expenditure of public funds by the state, acting through a "state agency" as defined in 19-11-203. "State agency" is defined at 19-11-203
(25) as follows:
 "State agency" means any office, department, commission, council, board, bureau, committee, institution, legislative body, agency, government corporation, or other establishment or official of the executive, judicial, or legislative branch of this state, except exempt agencies in their procurement of items not subject to the Arkansas Constitution, Amendment 54. "State agency" includes exempt agencies when any agency or exempt agency procures any item subject to the Arkansas Constitution, Amendment 54.
It is my opinion that the definition above is not broad enough to cover the contracting entity under a professional services contract with the state, and thus the bidding requirements of the State Purchasing Law are generally not applicable to purchases made by the contracting entity. See also generally, 19-11-203 (14)(Y) and Opinion No. 90-012, a copy of which is enclosed.
Some important qualifications should, however, be added to this conclusion. It should be noted that a professional services contract which is employed primarily to avoid applicable bidding requirements would, in my opinion, be struck down by the courts. This is a factual determination which would have to be made by a factfinder. Additionally, the extent to which the management firm itself makes purchases under the contract, rather than merely as an agent for ATRS, may weigh in the decision of whether applicable bidding requirements are being avoided.
Finally, it is my opinion that the property management firm under contract could not itself award the actual construction contract for the renovation of the apartment building without taking bids. The other statutory section you cite in your question is A.C.A. 19-4-1405. It is found in a subchapter entitled "Construction of Buildings and Facilities", and sets out a bidding procedure for awarding construction contracts. It is my opinion that this section, along with A.C.A. 22-9-203
(Supp. 1989) which requires bidding of construction contracts "entered into by the state"[1] require the construction contract to be awarded after the acceptance of bids. See also A.C.A.19-11-203 (14)(E).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
MARY STALLCUP Attorney General
MBS:arb
[1] It is unlikely that a construction company would enter into a contract with only the property management firm. The construction contract would thus likely be one "entered into by the state."